JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-2050-JLS-DFMx                                              Date: November 17, 2016
Title: Maria E. Yacoel, et al. v. Edward J. Vignone, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR REMAND (Doc. 6)**

Before the Court is an Ex Parte Application for Order Remanding Action to State Court and Requiring Payment of Expenses of Removal filed by Plaintiffs Maria E. Yacoel and Aliso Equities Ltd.  (Ex Parte App., Doc. 6.)  Defendants Edward J. Vignone and G & P Strategies LLC were served the Ex Parte Application and have not yet filed any Opposition.  (Proof of Service, Doc. 6.)

Plaintiffs filed an unlawful detainer action against Defendants on August 29, 2016 in Orange County Superior Court.  (Notice of Removal, "Complaint," Doc. 1; Request for Judicial Notice, Ex. A, Doc. 7.)[1]  Defendants removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Notice of Removal at 2, Doc. 1.)  Plaintiffs argue that no federal question or diversity jurisdiction exists and seek remand.  (Mem. at 3, Doc. 6.)  Because the present action was improperly removed, and because the Court lacks subject matter jurisdiction over it, the Court GRANTS the Ex Parte Application and REMANDS this case to Orange County Superior Court.

---

[1] Because Defendants failed to attach a complete copy of the Complaint to their Notice of Removal, the Court makes reference to the complete copy of the Complaint submitted by Plaintiffs in their Request for Judicial Notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-2050-JLS-DFMx                           Date: November 17, 2016
Title: Maria E. Yacoel, et al. v. Edward J. Vignone, et al.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Court's subject-matter jurisdiction may be premised on the presence of a federal question, or it may be premised on diversity jurisdiction. 28 U.S.C. §§ 1331–1332. When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the Complaint reveals that it is a straightforward unlawful detainer action proceeding under state law, which is believed to be subject to a number of federal defenses. (*See* Notice of Removal ¶ 6 (referring to the "'Protecting Tenants at Foreclosure Act 2009,' 12 U.S.C. § 5220" and stating that federal law provides for a ninety-day notice period prior to any state foreclosure eviction).) At best, Defendants rely upon a federal defense to a state-law claim. The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the "well-pleaded complaint rule"). Therefore, the Court has no federal question jurisdiction.

Nor does the present action meet the requirements of diversity jurisdiction. Not only do Plaintiffs request damages far below $75,000, but there is no indication that any party is a citizen of a state other than California. *See* 28 U.S.C. § 1332(a). Moreover, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-2050-JLS-DFMx        Date: November 17, 2016

Title: Maria E. Yacoel, et al. v. Edward J. Vignone, et al.

the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state. Here, where Defendants are alleged to be California citizens and they do not assert otherwise, they are clearly forum defendants who lack the ability to remove a state-court action. *See* 28 U.S.C. § 1441(b)(2).

      For the foregoing reasons, the Ex Parte Application is GRANTED. The Court therefore REMANDS this matter to the Superior Court of California in Orange County (30-2016-00872035-CL-UD-HNB) and closes this case.

Initials of Preparer: tg